IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RENEE A. CHRUSTOWSKI, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 24-37-CFC |
| LOUIS DEJOY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Renee A. Chrustowski, Middletown, Delaware – *Pro Se* Plaintiff

February 14, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.  INTRODUCTION

On January 11, 2024, Plaintiff Renee A. Chrustowski filed this civil action *pro se*. (D.I. 1.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.  BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). From August 6, 1980, through the date of filing, Plaintiff has been employed. (D.I. 1 at 3.) Plaintiff has worked as a Rural Carrier Associate (RCA) for Defendants United States Postal Service and Postmaster General Louis DeJoy (USPS) and as a Cashier for Defendant Giant Foods (Giant). (*Id.*) It is unclear from the Complaint whether Plaintiff's employment for one, or both, Defendants began on August 6, 1980. Both places of employment appear to be in Middletown, Delaware. (*Id.* at 2-3.)

The Complaint alleges that Defendant USPS violated the wage requirements of the Fair Labor Standards Act (FLSA). (*Id.* at 3-4.) Specifically, Defendant USPS "fail[ed] to pay proper wages due to inflation." (*Id.* at 4.) Further, according to

1

unspecified provisions of "the Rural Letter Carriers Association handbook, [Plaintiff] should have been paid salary (hourly) of $28.66, since August 6, 1980," and Plaintiff "should be paid back pay for this." (*Id.*) Additionally, Defendant USPS "never compensated for the occurring discrimination against [Plaintiff]," the nature, details, and dates of which are unspecified. (*Id.*)

The claim is not clearly stated, but the Complaint may also attempt to assert that Defendant USPS did not pay Plaintiff for overtime work. (*See id.*) The Complaint states that Plaintiff worked 48 hours per week, but it does not state whether this was the total time Plaintiff worked for both of her employers, or just Defendant USPS. (*See id.*) Additionally, at some point, an RCA union representative told Plaintiff that she was "not entitled to work hours at a job [she] was hired to do." (*Id.*) The Complaint offers this statement by a union representative as an explanation of Defendant USPS's failure to pay Plaintiff required overtime. (*Id.*)

The Complaint further alleges that Defendant USPS violated FLSA working condition and work restriction requirements. (*Id.*) Specifically, Defendant USPS did not allow Plaintiff to use the restroom while working. (*Id.*) Additionally, Plaintiff "was forced to do demeaning tasks and jobs by supervisors," these tasks and jobs were "not in [her] job description," and when Plaintiff refused, she "was

2

threatened to go home." (*Id.*) Last, Plaintiff was "harassed by co-workers who brought children to work." (*Id.*) The foregoing all allegedly occurred on the following dates: between August 29, 2022, and August 30, 2022; on September 4, 2022; between September 13, 2022, and September 16, 2022; and from August 27, 2022 to the present. (*Id.*) It is unclear what events are alleged to have occurred on which dates specifically.

Last, the Complaint alleges that, on unspecified dates, Defendant Giant violated FLSA working condition by not allowing Plaintiff to use the restroom. (*Id.*) Based on the foregoing, Plaintiff seeks "$100,000,000.00 in compensatory and actual damages" from both Defendants USPS and Giant. (*Id.* at 5.)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds

3

*pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the

4

assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds the Complaint to be deficiently pled, *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Complaint fails to meet the notice of pleading standard because it does not state, specifically, what occurred, when, where, who was involved, or how Plaintiff was affected.

For similar reasons, the Complaint also fails to state a claim upon which relief can be granted. The Court cannot credit the Complaint's bald assertions and legal conclusions regarding improper wages, hours, work, and working conditions in the absence of specific, supporting factual allegations. *See Iqbal*, 556 U.S. at 679. Additional, factual details are required for the Court to credit Plaintiff's assertions

and determine whether they raise plausible inferences of FLSA violations. As such, Plaintiff has failed to state a claim, and dismissal of the Complaint is warranted by § 1915(e)(2)(B)(ii).

Since it is not inconceivable that Plaintiff's deficient pleading could be cured, Plaintiff will be given an opportunity to amend the Complaint. *See, e.g., Ware v. Transp. Drivers*, Inc., 30 F. Supp. 3d 273, 276 (D. Del. 2014). An amended complaint must meet the notice of pleading standard, and it must contain enough facts to raise a plausible inference of a FLSA violation. Merely stating that Plaintiff's wage was improper "due to inflation" does not raise a plausible inference of an FLSA wage violation. (D.I. 1 at 4.) Merely stating that Plaintiff's coworkers "brought children to work" does not raise a plausible inference of FLSA harassment violation. (*Id.*) Similarly, more information is needed for the Court to assess the claim that Defendant USPS owes Plaintiff back pay, at the hourly rate "of $28.66, since August 6, 1980," as neither the specific basis for this claim, nor its timeliness, is apparent. (*Id.*) An amended complaint must also mention if Plaintiff previously filed an administrative complaint with the Secretary of Labor, or otherwise, regarding any claims now raised.

Last, the Court notes that Plaintiff's allegations against Defendant Giant appear wholly separate from, and unrelated to, her claims against Defendant USPS.

6

(*See id.*) It appears that Defendant Giant had no role in (and cannot be held liable for) the alleged violations by Defendant USPS and DeJoy, and vice versa. As such, should Plaintiff decide to amend her claims against all Defendants, two separate civil actions will be necessary—one action alleging FLSA violations by Defendant USPS and DeJoy, and one action alleging the separate and unrelated FLSA violation by Defendant Giant.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (D.I. 1.) Plaintiff will be given leave to amend.

An appropriate Order will be entered.